# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| MACROSOLVE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MEETUP, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 6:13-CV-674<br><br>ORIGINAL COMPLAINT<br>FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MacroSolve, Inc. ("MacroSolve") files this original complaint against the above-named defendant, alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1.  MacroSolve is a corporation formed under the laws of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma.

2.  Defendant Meetup, Inc. ("Meetup") is a Delaware corporation. Meetup is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas. Accordingly, Meetup can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State. Meetup's home, home office, and principal office address is 632 Broadway, 10th Fl, New York, NY 10012.

## JURISDICTION AND VENUE

3.  This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, the defendant has transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement in this district.

5. The defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to the defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,822,816

6. On October 26, 2010, United States Patent No. 7,822,816 ("the '816 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "System and Method for Data Management."

7. MacroSolve is the owner of the '816 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '816 patent against infringers, and to collect damages for all relevant times.

8. Meetup, directly or through its customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Meetup mobile app(s) product and/or service) that infringed one or more claims of the '816 patent.

9. Meetup has and is directly infringing the '816 patent.

10. Meetup has and is indirectly infringing the '816 patent, both as an inducer of infringement and as a contributory infringer.

11. Meetup infringes directly both (1) through its own use of its mobile app(s) and (2) through the joint use of its mobile app(s) by it and its customers.  Regarding point (2), MacroSolve alleges that Meetup and its customers are joint infringers because (a) Meetup is vicariously liable for its customers' use of its mobile app(s) because Meetup was the entity responsible for the design of the app (including by having its agents design the app) and Meetup encourages its customers to use its mobile app(s); and alternatively because (b) Meetup and its customers have acted in concert to use the Meetup mobile app(s) in a way that performs the steps of the claimed method.  Direct infringement also occurs when Meetup performs certain steps of the claimed methods and its customers perform others (for example, when Meetup performs claim 1's steps (a), (b), and (d) and Meetup's customers perform the remainder of the steps) where Meetup's customers are under the direction or control of Meetup and Meetup is acting as a mastermind.

12. Meetup's customers also commit acts of direct infringement when they download and use the Meetup mobile app(s).  They do so because their use of the mobile app(s) performs each step of the claimed methods (including by putting into operation and causing the Meetup servers to perform certain actions such as steps (a), (b), and (d) of claim 1 of the patent-in-suit in response to commands sent from the mobile app(s)).

13. Meetup has both induced and contributed to the underlying direct infringement of the '816 patent by Meetup's customers or by the joint action of Meetup and its customers.  The direct infringement underlying the indirect infringement claims

consist of the direct infringement by its customers or by Meetup and its customers, as described above.

14. Meetup induces its customers to use the Meetup mobile app(s). Meetup's distribution and promotion of the Meetup mobile app(s) has no other purpose but to cause its customers to download and use it. Meetup encourages its customers to download and use its mobile app(s), including, for example, on its website and on the app's listing in app stores.

15. Meetup has contributed to the infringement of the '816 patent by making its mobile app(s) available for download and by operating servers (or having its agents operate servers) that can communicate with the mobile app(s), and that can be put into use and operation by Meetup's customers through the use of the mobile app(s).

16. Meetup's mobile app(s) has features that have no substantial uses other than the uses that are alleged to infringe the '816 patent. Specifically, the features of the Meetup mobile app(s) that allow information to be collected from the user of the mobile device and then uploaded to the Meetup servers have no substantial use other than infringing the patent-in-suit. The use of these features of Meetup's mobile app(s) for their intended purpose necessarily results in infringement of the '816 patent.

17. Meetup has or will have knowledge of the '816 patent, as well as the fact that its customers use of its mobile app(s) infringes the '816 patent, since at least as early as the filing of this lawsuit. Additionally, when it launched its mobile app(s), Meetup took inadequate steps to determine whether it would be infringing the intellectual property rights of others, such as MacroSolve, and thus was willfully blind to the existence of the

'816 patent. Meetup thus induces/induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the '816 patent.

## JURY DEMAND

MacroSolve hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

MacroSolve requests that the Court find in its favor and against the defendant, and that the Court grant MacroSolve the following relief:

    a.    Judgment that one or more claims of the '816 patent have been infringed, either literally and/or under the doctrine of equivalents, by the defendant and/or all others acting in concert therewith;

    b.    A permanent injunction enjoining the defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '816 patent;

    c.    Judgment that the defendant account for and pay to MacroSolve all damages to and costs incurred by MacroSolve because of the defendant's infringing activities and other conduct complained of herein;

    d.    That MacroSolve be granted pre-judgment and post-judgment interest on the damages caused by the defendant's infringing activities and other conduct complained of herein;

    e.    That this Court declare this an exceptional case and award MacroSolve its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

    f.    That MacroSolve be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 12, 2013            Respectfully submitted,

<div style="margin-left:2em">

/s/ Califf T. Cooper
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

*Attorneys for MacroSolve, Inc.*

</div>